UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 02-35(DSD/JMM)

Marlene Travis and
Gary T. McIlroy, M.D.,

Plaintiffs,

v.

**ORDER**

Kurron Shares of America, Inc.,
Corbett Price, individually,
Steven Volla, individually, and
Leland LeBlanc, individually,

Defendants.

This matter is before the court on plaintiffs' objections to Magistrate Judge John M. Mason's report and recommendation, dated April 5, 2002 [Doc. No. 27]. In his report, the magistrate judge recommended that plaintiffs' motion to remand [Doc. Nos. 5 and 9] be denied. Plaintiffs object to the recommendation, asserting that the magistrate judge mistakenly concluded that Leland LeBlanc was joined fraudulently. In particular, plaintiffs argued that the magistrate judge misconstrued Minnesota corporate law to conclude erroneously that it is "impossible" under Minnesota law for defendant Leland LeBlanc to be personally liable for acting outside his appointed duties or for conspiracy relating to such corporate misconduct. After a de novo review of the record, the court adopts the magistrate judge's recommendation.

FILED 6-17-02
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. ________
Deputy Clerk's Initials ______

The court concurs with the magistrate judge's conclusion that LeBlanc was joined fraudulently. The magistrate judge applied the correct standard for considering fraudulent joinder - the standard set out in Schwenn v. Sears, Roebuck & Co., 822 F. Supp. 1453 (D. Minn. 1993). In Schwenn, the court held:

> The more appropriate standard for a claim of fraudulent joinder is whether there is a possibility that a state court would find that the complaint states a cause of action against the resident defendant. In addressing this issue, contested issues of fact and uncertainty as to the controlling substantive law should be resolved in favor of the plaintiff. Joinder is fraudulent only where there is no reasonable basis in fact or colorable ground supporting the claim against the resident defendant, or where the plaintiff has no real intention of prosecuting the action against the resident defendant.

Id. at 1455.

The magistrate judge also correctly applied the Schwenn standard to determine that plaintiffs have no chance of success in proceeding with their allegations of tortious interference with plaintiffs' severance agreements and civil conspiracy against LeBlanc. To succeed with a cause of action for tortious interference with contract:

> a plaintiff must prove: (1) that a contract existed; (2) that the alleged tortfeasor knew of the contract; (3) that the alleged tortfeasor intentionally interfered with the contract; (4) that the interference was not justified; and (5) that damages resulted.

Major Computer Inc. v. Academy Life Ins. Co., 929 F.2d 1249, 1250 (8th Cir. 1991).

With regard to element four, Nordling v. Northern States Power Co., 478 N.W.2d 498 (Minn. 1991) provides the substantive standard to determine whether a corporate officer's conduct was justified. Officers are justified in causing a corporation to breach a contract "if that person acts in good faith, whether competently or not, believing that his actions are in furtherance of the company's business." Id. at 507. Personal liability may attach "if the defendant's actions are predominantly motivated by malice and bad faith, that is, by personal ill-will, spite, hostility, or a deliberate intent to harm the plaintiff employee." Id.

Here, the complaint does not set forth any allegations concerning the fourth element, "justification or privilege." In particular, plaintiffs do not allege facts that would establish that LeBlanc's conduct was outside the scope of his employment or done with malice. The magistrate judge therefore properly concluded that plaintiff's claim of tortious interference fails. Moreover, Magistrate Judge Mason correctly determined plaintiff's allegation of civil conspiracy must fail because of the absence of an underlying tort.

Accordingly, after conducting a de novo review of the file and record, the court adopts the magistrate judge's report and recommendation in its entirety.

Therefore, **IT IS HEREBY ORDERED** that plaintiffs' motion to remand [Doc. No. 5 and 9] is denied.

Dated: June 14, 2002

David S. Doty, Judge
United States District Court