**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**MARLENE TRAVIS and**
**GARY T. MCILROY, M.D.,**

**Plaintiffs,**

v.

**KURRON SHARES OF AMERICA, INC.,**
**CORBETT PRICE, INDIVIDUALLY,**
**STEVEN VOLLA, INDIVIDUALLY,**
**and LELAND LEBLANC,**

**Defendants.**

**CIVIL NO. 02-35 (DSD/SRN)**

**ORDER FOR MODIFICATION OF SCHEDULING ORDER**

At St. Paul in said District this 23rd day of September, 2002, this matter came before the Court upon plaintiffs' Motion to Modify the Scheduling Order [Docket No. 42]. The appearances were as noted in the record.

The Court, having heard the argument of counsel and being satisfied that the relief requested is appropriate under the circumstances,

IT IS HEREBY ORDERED:

1. Plaintiffs' Motion to Modify the Scheduling Order [Docket No. 42] is granted. The Scheduling Order shall be modified to permit ninety (90) additional days to complete all of the tasks enumerated in Magistrate Judge Mason's February 26, 2002, Scheduling Order. A complete Amended Scheduling Order is attached hereto and made a part of this Order.

Dated: September 24, 2002

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

FILED SEP 25 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**MARLENE TRAVIS and**
**GARY T. MCILROY, M.D.,**

**Plaintiffs,**

v.

**KURRON SHARES OF AMERICA, INC.,**
**CORBETT PRICE, STEVEN VOLLA**
**and LELAND LEBLANC,**

**Defendants.**

**CIVIL NO. 02-35 (DSD/SRN)**

**AMENDED**
**PRETRIAL SCHEDULING ORDER**

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule shall govern these proceedings. The schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3.

Pleadings/Disclosures

April 1, 2002 - All motions which seek to amend the pleadings or add parties must be served and filed.

April 15, 2002 - All pre-discovery disclosures required by Rule 26(a)(1) shall be completed.

Discovery/Nondispositive Motions

**January 2, 2003** - All Rule 35 medical examinations shall be completed.

Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be made as follows:

**December 2, 2002** - By Plaintiffs
**December 20, 2002** - By Defendants
**January 6, 2003** - Rebuttal by Plaintiffs

**January 2, 2003** - All non-expert discovery shall be commenced in time to be completed by this date.

**February 3, 2003** - All discovery of any kind shall be commenced in time to be completed by this date.

**February 5, 2002** - All non-dispositive motions and supporting documents, including those which relate to discovery, shall be served and filed. Nondispositive motions may be scheduled for hearing by calling Beverly Riches, Calendar Clerk to Magistrate Judge Susan Richard Nelson, (651) 848-1200. All nondispositive motions shall be scheduled, filed and served in compliance with Local Rules 7.1, 37.1 and 37.2. A Reply Memorandum not exceeding five pages may be delivered to opposing counsel and the chambers of this Court no later than 9:00 a.m. on the business day preceding the hearing.

Dispositive Motions/Trial

**April 1, 2003** - All dispositive motions shall be served and filed by the parties. Counsel are reminded that they must anticipate the time required for scheduling this hearing by calling Calendar Clerk Connie Baker, (612) 664-5063. All dispositive motions shall be scheduled, filed and served in compliance with Local Rule 7.1. See particularly Local Rule 7.1(b)(2)(A) through (E).

This case shall be ready for trial at the conclusion of discovery or upon resolution of any dispositive motion, and no later than **June 1, 2003**. The parties estimate that trial of this Jury matter will take one week.

General

The Court does not expressly limit the number of depositions or written discovery devices which may be employed by the parties. The attention of the parties is called to the provisions of Rule 26(g). If necessary, the Court will rule on objections to specific discovery. See also Rule 37(a)(4).

Each party may depose no more than **4** experts.

Each party may call no more than **4** experts at trial.

Dated: September 24, 2002

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge